UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

SEAN WELCH,

Defendant.

**SEALED INDICTMENT**



24 CRIM 079

**COUNT ONE**
**(Wire Fraud)**

The Grand Jury charges:

Overview of the Scheme

1. Between at least in or about 2018 through at least in or about 2022, SEAN WELCH, the defendant, served as a business manager for clients including musical artists and other professionals involved in the music industry. WELCH provided these business management services through his company, the Industry Management Group, Inc., which was based in New York, New York.

2. SEAN WELCH, the defendant, purported to assist his clients by helping to manage their earnings and finances. For that purported purpose, WELCH either requested that his clients open bank accounts and give WELCH access to them or requested his clients' permission to open bank accounts on his clients' behalf. In fact, however, WELCH used his access to clients' bank accounts in order to steal money belonging to his clients, including by electronically transferring clients' funds to his own bank accounts, to which his clients did not have access.

3. As part of this scheme, between at least in or about 2018 through at least in or

about 2022, SEAN WELCH, the defendant, stole a total of at least approximately $855,034 from three different victims.

### Victim-1

4.  In or about July 2018, SEAN WELCH, the defendant, entered into an agreement to serve as a business manager for a musical artist ("Victim-1").[1] Pursuant to the agreement between WELCH and Victim-1, in exchange for helping Victim-1 manage his earnings and finances, WELCH was entitled to a fee equal to a certain percentage of Victim-1's earnings.

5.  On or about July 31, 2018, for the purported purpose of helping Victim-1 manage his finances, SEAN WELCH, the defendant, opened bank accounts on behalf of Victim-1 and, on or about October 16, 2018, for the same purported purpose, WELCH opened an additional bank account on behalf of Victim-1 (collectively, the "Victim-1 Accounts").

6.  In fact, however, SEAN WELCH, the defendant, used his access to these accounts to take money from Victim-1 without Victim-1's knowledge or authorization. Specifically, between approximately August 2, 2018 and December 17, 2018, WELCH took approximately $229,900 of funds belonging to Victim-1 in excess of the fee to which WELCH was entitled, including by electronically transferring funds from the Victim-1 Accounts to accounts belonging to WELCH.

7.  In or about January 2019, a new business manager ("Business Manager-1") took over as the business manager for Victim-1. Thereafter, Business Manager-1 requested from SEAN WELCH, the defendant, records and information pertaining to Victim-1's finances. However, WELCH failed to provide the requested records and instead, in sum and substance, made various excuses to Business Manager-1 as to why he was unable to do so.

---

[1] Victim-1 died in or about December 2019.

Victim-2

8.     In or about November 2019, SEAN WELCH, the defendant, entered into an agreement to serve as a business manager for an individual who served as an artist manager to musical artists ("Victim-2").[2]  Pursuant to the agreement between WELCH and Victim-2, in exchange for helping Victim-2 manage his earnings and finances, WELCH was entitled to a fee equal to a certain percentage of Victim-2's earnings.

9.     On or about November 20, 2019, for the purported purpose of helping Victim-2 manage his finances, SEAN WELCH, the defendant, opened a bank account on behalf of Victim-2 and, on or about January 8, 2020, for the same purported purpose, WELCH gained access to an additional bank account belonging to Victim-2 (collectively, the "Victim-2 Accounts").

10.    In fact, however, SEAN WELCH, the defendant, used his access to these accounts to take money from Victim-2 without Victim-2's knowledge or authorization. Specifically, between approximately February 11, 2020 and March 25, 2022, WELCH took approximately $331,165 of funds belonging to Victim-2, in excess of the fee to which WELCH was entitled, including by electronically transferring funds from the Victim-2 Accounts to accounts belonging to WELCH.

11.    In or about July 2020, Victim-2 replaced SEAN WELCH, the defendant, as his business manager and hired a new business manager ("Business Manager-2"), who informed WELCH via letter that WELCH was no longer authorized to act as the business manager for Victim-2. Nonetheless, after in or about July 2020, WELCH continued to take money from the Victim-2 Accounts. In particular, between in or about April 19, 2021 and in or about March 25, 2022, WELCH made three electronic transfers from one of the Victim-2 Accounts, draining the balance of that account.

---

[2] Victim-1 was one of Victim-2's clients.

12. In or about July 2020, Business Manager-2 requested from SEAN WELCH, the defendant, records and information pertaining to Victim-2's finances. However, WELCH failed to provide the requested records and instead, in sum and substance, made various excuses to Business Manager-2 as to why he was unable to do so.

### Victim-3

13. In or about September 2021, SEAN WELCH, the defendant, entered into an agreement to serve as a business manager for a musical artist ("Victim-3"). Pursuant to the agreement between WELCH and Victim-3, in exchange for helping Victim-3 manage his earnings and finances, WELCH was entitled to a fee equal to a certain percentage of Victim-3's earnings.

14. On or about September 30, 2021, SEAN WELCH, the defendant asked Victim-3 to meet him at the branch of a bank ("Bank-1") located in New York, New York ("Branch-1"), for the purported purpose of helping Victim-3 manage his finances. While at Branch-1, WELCH directed Victim-3 to open certain bank accounts (collectively, the "Victim-3 Accounts"), to which WELCH would have access. As part of the process of opening those accounts, personnel at Branch-1 electronically transmitted account opening documents from New York, New York to other Bank-1 personnel, which were transmitted via servers located outside the state of New York.

15. In fact, however, SEAN WELCH, the defendant, used his access to the Victim-3 Accounts to take money from Victim-3 without Victim-3's knowledge or authorization. Specifically, from on or about November 3, 2021 through on or about February 25, 2022, Welch took approximately $293,968 of funds belonging to Victim-3 in excess of the fee to which WELCH was entitled, including by electronically transferring funds from the Victim-3 Accounts to accounts belonging to WELCH.

16.     In or around March 2022, Victim-3 contacted SEAN WELCH, the defendant, to ask, in sum and substance, why the account balances of the Victim-3 Accounts were so low and what had happened to the funds in the Victim-3 Accounts. WELCH told Victim-3, in substance and in part, that WELCH would meet with Victim-3 and provide Victim-3 with an explanation when WELCH was next in New York. However, WELCH thereafter became unresponsive to Victim-3 and neither met with Victim-3 nor provided Victim-3 with an explanation as to what had happened to the funds in the Victim-3 Accounts.

Statutory Allegations

17.     From at least in or about July 2018 through at least in or about March 2022, in the Southern District of New York and elsewhere, SEAN WELCH, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, WELCH engaged in a scheme whereby he defrauded his clients of approximately $855,034 by purporting to manage their finances and instead embezzling the money for himself, and sent and received, and caused others to send and receive, emails, wires, and other electronic communications, to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Sections 1343 and 2.)

**FORFEITURE ALLEGATIONS**

18.     As a result of committing the offense alleged in Count One of this Indictment, SEAN WELCH, the defendant, shall forfeit to the United States, pursuant to Title 18, United

States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense

### Substitute Assets Provision

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

DAMIAN WILLIAMS
United States Attorney