United States District Court
Southern District of New York

-------------------------------------------------

United States of America,

                  -against-

                                             S1 24 Cr. 79 (ALC)

Sean Welch,

                  Defendant.

-------------------------------------------------

### SEAN WELCH'S MOTION FOR A BILL OF PARTICULARS

                                       Federal Defenders of New York
                                       Attorney for Sean Welch
                                       52 Duane Street - 10th Floor
                                       New York, New York 10007
                                       Tel.: (212) 417-8700

                                       Ashok Chandran
                                       Jonathan Marvinny
                                       Hannah McCrea

                                       *Of Counsel*

To:    Jay Clayton, Esq.
        United States Attorney
        Southern District Of New York
        One St. Andrew's Plaza
        New York, New York 10007

## Notice of Motion

On November 6, 2025, the Government filed a bare-bones, one-count superseding indictment charging Sean Welch with running a wire fraud scheme from 2018 to 2023 (the "S1 indictment"). ECF 50. This new, stripped-down indictment makes it impossible for Welch to meaningfully prepare for trial absent a bill of particulars. Accordingly, Welch respectfully submits this motion pursuant to Fed. R. Crim. P. 7(f) seeking the following information:

1)  The alleged "false statements" Welch made to support his fraud, including the dates they were made and the people to whom they were made; and

2)  The approximate loss Welch allegedly caused each victim and the bank transactions constituting that loss.

## Background

No complaint was ever filed in this case. Welch was initially indicted in February 2024 on one count of wire fraud under 18 U.S.C. § 1343. ECF 2. The indictment alleged that Welch, through his business-management company, the Industry Management Group, defrauded three clients between 2018 and 2022. *Id.* ¶ 1. He executed this fraud by "us[ing] his access to clients' bank accounts in order to steal money belonging to his clients, including by electronically transferring clients' funds to his own bank accounts, to which his clients did not have access." *Id.* ¶ 2. The indictment alleged that Welch stole approximately $229,900 from "Victim-1" between July 2018 and January 2019, approximately $331,165 from "Victim-2"

1

between November 2019 and March 2022, and approximately $293,968 from "Victim-3" between September 2021 and March 2022. *Id.* ¶¶ 4–16.

In November 2025, a month before trial, the Government filed the S1 indictment, again charging Welch with one count of wire fraud. But the new indictment—which extends the dates of the fraud scheme by one year to include 2023, now covering six years in total—is decidedly less detailed than the initial indictment. In fact, the S1 indictment's wire fraud charge consists of just one paragraph that regurgitates § 1343's text followed by a vague "to wit" clause alleging that Welch made unspecified false statements to unspecified clients in order to embezzle an unspecified amount of their funds. *Id.* ¶ 1. In other words, unlike the initial indictment, the S1 indictment includes *no* information specifying individual victims, the dates Welch defrauded them, or the amount of money he stole from them. Nor does the S1 indictment contain even a single example of a materially false statement Welch made to further his fraud.

To be sure, in between the two indictments the Government produced voluminous discovery. But that discovery contains, among many other materials, (1) over 100,000 pages of bank records and (2) nearly a decade's worth of communications, most contained on various electronic devices, between Welch and literally hundreds of other individuals. Welch simply cannot effectively use that discovery to identify the false statements and illegal bank transactions the Government will assert at trial.

Following the S1 indictment, the Government conferred with defense counsel and attempted to provide some information about some of the individuals it will claim are victims at trial. The Government also pointed defense counsel to certain of those individuals' bank accounts. But the Government declined to identify any of Welch's supposedly false statements other than to say that "the fundamental scheme that was involved in the original Indictment has not changed" and that Welch "is charged with making false statements to his clients to gain access to their funds and embezzling portions of those funds." Nor did the Government identify which of the many transactions in the bank records it says were in furtherance of Welch's fraud.[1] Welch cannot proceed on the basis of such wide-ranging, non-committal information. To permit him to prepare for trial, to avoid surprise, and to prevent him from suffering undue prejudice, the Court should order the Government to provide the particulars requested.

### The Court should order the requested particulars.

Federal Rule of Criminal Procedure 7(f) permits a defendant to seek a bill of particulars "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988). A defendant is entitled to particulars where the indictment fails "to

---

[1] Pursuant to Local Criminal Rule 16.1, counsel for Welch affirm that they have conferred with Government counsel in a good-faith effort to resolve the issues raised by this motion without requiring the Court's intervention.

provide the defendant with sufficient detail to defend adequately the charges against him." *United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998), *abrogated on other grounds by United States v. Thomas*, 274 F.3d 655 (2d Cir. 2001). A request for particulars must be granted "where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999).

Charges alleging a lengthy continuous period of supposedly deceptive conduct often call for particulars because of their complexity and fact-intensive nature. *See United States v. Kahale*, 789 F. Supp. 2d 359, 373 (E.D.N.Y. 2009) ("Certain charges, such as the fraud charges alleged here, by their nature carry a greater potential for causing unfair surprise at trial due to their complexity."). In fraud cases courts often "require[] the Government to specify through a bill of particulars which documents or transactions it intends to prove are fraudulent if this information is not ascertainable; otherwise, in effect, the burden of proof impermissibly may shift to the defendant to prove the documents or transactions are not fraudulent." *United States v. Vaid*, 2017 WL 3891695, at *11 (S.D.N.Y. May 24, 2017).

1.    **The S1 indictment fails to identify any allegedly fraudulent statements or any actual loss.**

Here, a bill of particulars is required because "the charges of the [S1] indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *Walsh*, 194 F.3d at 47. Indeed, it is difficult to imagine a more generic, unhelpful indictment than the S1. While superseders typically

contain *more* information in order to help concentrate the charges, the S1 indictment has been stripped of any of the useful detail included in the initial indictment. This of course is intentional on the Government's part, as the S1 indictment is crafted to afford it maximum leeway at trial. But it leaves Welch in the dark.

Courts in this District routinely order precisely the kinds of information Welch seeks—specific false statements and bank transactions—where defendants in complex fraud cases face voluminous discovery that requires them to guess at the instances of criminal conduct the Government will allege at trial. *See, e.g.*, *United States v. Rinsch*, 2025 WL 2972226, at *9 (S.D.N.Y. Oct. 22, 2025) (ordering the Government to provide "a written specification of each of the materially false statements that it will contend at trial were made by the defendant or his agents to the victim of the defendant's allegedly fraudulent scheme for the purpose of executing that scheme"); *United States v. Wang*, 2024 WL 1251105, at *5 (S.D.N.Y. Mar. 22, 2024) ("The Government cannot rely on discovery where, as here, the large volume of material disclosed forces the defendant to attempt to guess at which [bank] transactions, during a five-year period, were allegedly improper.") (cleaned up); *United States v. Silver*, 117 F. Supp. 3d 461, 471 (S.D.N.Y. 2015) (ordering particulars were "it is not unreasonable for the Defendant to want to know which mailings and wire transmissions the Government will rely upon to prove its case"); *cf. United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987) (holding that the district court erred by failing to grant bill of particulars to identify the fraudulent

documents in insurance fraud case and noting that the production of over 4,000 documents did not negate the need for particulars where defense counsel was "left unguided as to which documents would be proven falsified").

This Court should do the same here, where Welch needs the limited information he's requested in order to prepare for trial, prevent surprise, and understand the double-jeopardy implications of the Government's indictment.

### 2. The Government's discovery production does not excuse it from its obligation to provide particulars.

In a limited set of circumstances, the Government may avoid providing a bill of particulars, notwithstanding a general indictment, if "the information sought has been provided elsewhere, such as in other items provided by discovery, responses made to requests for particulars, prior proceedings, and the indictment itself." *United States v. Strawberry*, 892 F. Supp. 519, 526 (S.D.N.Y. 1995). But the production of voluminous discovery does not by itself obviate the need for particulars. *United States v. Tournant*, 2023 WL 8649893, at *2 (S.D.N.Y. Dec. 13, 2023) ("[M]ountains of discovery without more will not be sufficient to render an indictment constitutionally sound.") (collecting cases).

Here, the Government hasn't otherwise provided any of the requested information. After conferring with defense counsel, the Government still has not identified the *specific* communications and/or bank transactions the Government asserts were fraudulent. The Government's mountains of documents still leave Welch "unguided" as to the core elements of how he supposedly committed fraud.

*Bortnovsky*, 820 F.2d at 575. Under these circumstances, the Court should order a bill of particulars.

## Conclusion

For the reason discussed, the Court should order the Government to provide the requested particulars.

New York, New York
November 14, 2025

Respectfully submitted,

/s/ _____
Ashok Chandran
Jonathan Marvinny
Hannah McCrea
Assistant Federal Defenders