USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ___12/5/25_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x

   **UNITED STATES OF AMERICA,**

                **-v.-**

   **SEAN WELCH,**

              **Defendant.**

-------------------------------------------------------- x

:
:
:
:
:
:
:
:
:
:
:

**24-CR-00079 (ALC)**

**ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

For the reasons discussed at yesterday's final pre-trial conference, the Court issues the following orders in connection with the parties' motions in limine (ECF Nos. 51, 59, 64, 65, 66):

**Defendant's Motions in Limine:**

1. The Defendant's motion to preclude evidence of a civil action brought by Vicitm-1's estate is **granted in part**. The Court will not allow introduction of the complaint from the civil action but will allow testimony regarding the fact that Victim-1 hired a lawyer who requested information and was not provided such information.

2. Regarding the Defendant's motion to preclude evidence concerning Mr. Welch's employment practices, the Court **denies this in part** and **reserves judgement in part.** The motion to preclude evidence that Defendant failed to comply with conflict-of-interest rules is **denied** as moot as the Government has indicated they will not introduce such evidence. The Defendant's motion to preclude evidence about Defendant's difficulty paying employees in a timely manner is **denied**. Lastly, the Court **reserves judgement** on the Defendant's motion to preclude evidence about unfulfilled promises to Employee-1.

3. The Defendant's motion to preclude references to complainants as "victims" is **denied**.

**Government's Motions in Limine:**

1. The Government's motion to admit statements of victims and their representatives to the Defendant's employees and the employees' responses is **granted in part** and **denied in part**. The request to admit the statement from Employee-1 relaying to Vicitm-3 that she attempted to relay complaints to Defendant is **granted**. The request to admit Employee-1's statement to Victim-3's representative regarding access to the accounts is **denied**. The request to admit the email thread with Defendant, Vicitm-2, Victim-2's representative, and Employee-1 is **granted**.

2. The Government's motion to admit evidence and testimony concerning Defendant's failure to respond to the victim's and their representatives' requests for information is **granted in part** and **denied in part**. The Court **denies** the request to introduce the complaint and litigation demand letters. The Court **grants** the request to admit testimony regarding the fact that clients hired lawyers who requested information but were not provided the information.

3. The Government's motion to admit evidence about a previous client of the Defendant's who is not a complainant in this case is **denied.** The Court will not allow evidence or testimony about the prior client. The Court will allow admission of the email discussed but will redact the sentence beginning with "Unfortunately…."

4. The Government's motion to preclude evidence or argument concerning the negligence or sophistication of the victims is **denied as moot** as the Defense has indicated they will not assert a "gullible victim" defense.

5. The Government's motion to preclude evidence or argument about the circumstances of Victim-1's alleged drug use and death is **granted in part** and **denied in part as moot.**

The Defense has indicated they do not intend to introduce evidence or testimony regarding Victim-1s death. The Court will allow evidence about Victim-1's representative restricting Victim-1's access to the accounts due to concerns about drug use.

6. The Government's motion to exclude evidence and argument that Defendant believed his clients would recoup the funds is **denied as moot** as the Defense has indicated they do not intent to assert such argument.

7. The Government's motion to preclude evidence and argument concerning the Defendant's personal circumstances and potential punishment if convicted is **denied as moot** as the Defense ahs indicated they do not intend to introduce such evidence and argument.

8. The Government's motion to preclude so-called "good acts" evidence is **denied as moot** as the Defense has indicated they do not intend to introduce any impermissible evidence of good acts related to clients who are not alleged victims in this case.

Lastly, for reasons discussed yesterday, Defendant's motion for a bill of particulars is **denied**.

**SO ORDERED.**

**Dated**:   **December 5, 2025**
        **New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**